**SO ORDERED.**

**SIGNED this 3 day of September, 2013.**



_____
**James D. Walker, Jr.
United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | CASE NO. 13-50055-JDW |
| TERRY L. GLAWSON, SR. and | ) | |
| VICKIE S. GLAWSON, | ) | |
| | ) | |
| DEBTORS. | ) | |

BEFORE

JAMES D. WALKER, JR.

UNITED STATES BANKRUPTCY JUDGE

<u>COUNSEL</u>

| | |
|---|---|
| For the Chapter 13 Trustee: | Laura Wilson |
| | Post Office Box 954 |
| | Macon, Georgia 31202 |
| | |
| For 1st Franklin Financial Corp.: | Daniel Wilder |
| | 544 Mulberry Street, Suite 800 |
| | Macon, Georgia 31201 |

**MEMORANDUM OPINION**

This matter comes before the Court on the Chapter 13 Trustee's objection to claim. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(B). After considering the pleadings, the evidence, and the applicable authorities, the Court enters the following findings of fact and conclusions of law in conformance with Federal Rule of Bankruptcy Procedure 7052.

**Findings of Fact**

Debtors Terry and Vickie Glawson filed a Chapter 13 petition on January 10, 2013. On Schedule F, they listed 1st Franklin Financial Corporation as an unsecured creditor of Mr. Glawson with a debt in the amount of $564 for a default judgment[1] from March 2008. The Clerk's Office issued a notice setting the meeting of creditors for February 12, 2013, and setting the deadline for filing proofs of claim for nongovernmental units as May 13, 2013. The notice was mailed to 1st Franklin. (BNC Certificate of Mailing, docket no. 7.)

Debtors' Chapter 13 plan was confirmed on June 21, 2013. The plan provided for general unsecured creditors as follows: "General unsecured creditors whose claims are duly proven <u>and allowed</u> will be paid ... (b) the debtors will make payments for 57 months and anticipates [sic] a dividend of 59% ...." (Chapter 13 Plan, docket no. 19; Order Confirming Chapter 13 Plan, docket no. 40 (emphasis added).)

Six days after confirmation and almost six weeks after the claims bar date, on June 27, 2013, 1st Franklin filed a proof of claim, asserting an unsecured claim for money loaned in the amount of $1,230.08, consisting of $640.68 in unpaid principal and $589.40 in unpaid finance

---

[1] The Court entered an order on February 22, 2013, providing for avoidance of 1st Franklin's judicial lien upon entry of a discharge.

charges. The Chapter 13 Trustee filed an objection to the claim, asking the Court to disallow the claim as untimely filed. 1st Franklin opposed disallowance of its claim, and the Court held a hearing on the claim objection on August 19, 2013. Debtor did not appear at the hearing or otherwise offer any position on the objection. Based on the facts and legal authorities, the Court will sustain the Trustee's objection and disallow 1st Franklin's claim.

## Conclusions of Law

Under 11 U.S.C. § 502(a), when a creditor files a proof of claim, its claim is deemed allowed in the absence of an objection. When a party objects:

> the court, after notice and a hearing, shall ... allow such claim in such amount, except to the extent that– ... proof of such claim is not timely filed, except to the extent tardily filed as permitted under paragraph (1), (2), or (3) of section 726(a) of this title or under the Federal Rules of Bankruptcy Procedure ....

11 U.S.C. § 502(b)(9). Thus, untimeliness is not a basis for disallowing late-filed claims that are subject to § 726(a)(1), (2), or (3), but it is a basis for disallowing claims that are not subject to § 726(a).[2] In addition, untimeliness is not a basis for disallowing late-filed claims that are otherwise allowed by the Bankruptcy Rules.

Section 103(b) of the Bankruptcy Code provides that "Subchapters I and II of chapter 7 of this title apply only in a case under such chapter." Id. § 103(b). Section 726 falls within subchapter II of Chapter 7. Thus, § 726(a) does not apply in Chapter 13 cases. Because this is a Chapter 13 case, 1st Franklin cannot benefit from the § 726(a) exception to disallowance of untimely claims.

---

[2] Section 726 sets forth the order of distribution of estate property to claims in Chapter 7. Section 726(a)(3) provides for payment of most untimely general unsecured claims after the payment of timely filed claims. 11 U.S.C. § 726(a).

Similarly, the Bankruptcy Rules offer 1st Franklin no quarter. Rule 3002(a) provides that "[a]n unsecured creditor ... must file a proof of claim or interest for the claim or interest to be allowed, except as provided in Rules 1019(3), 3003, 3004, and 3005," none of which are applicable in this case.[3] Rule 3002(c) provides that in a Chapter 13 case, "a proof of claim is timely filed if it is filed not later than 90 days after the first date set for the meeting of creditors called under § 341(a) of the Code[.]" Rule 9006(b)(3) provides that the Court "may enlarge the time for taking action under Rule[] ... 3002(c) ... only to the extent and under the conditions stated" in the Rule. Rule 3002(c) sets forth six exceptions to the claims bar date for: (1) claims filed by governmental units; (2) claims filed by or on behalf of an infant or incompetent person; (3) claims arising because the creditor is required to turn over property to the trustee as a result of an avoidance action; (4) claims arising from rejection of an executory contract or unexpired lease; (5) cases originally noticed as a "no asset" case in which a distribution later becomes possible; and (6) claims filed by creditors who received notice at a foreign address. None of the exceptions applies to 1st Franklin. Because 1st Franklin's proof of claim was not filed within 90 days of the first date set for the meeting of creditors, its claim is untimely and is subject to disallowance under § 502(b)(9). See In re Gonzalez, 490 B.R. 642, 649 (BAP 1st Cir. 2013) (disallowing untimely claim in Chapter 13 case); In re Jackson, 482 B.R. 659, 663 (Bankr. S.D. Fla. 2012); compare In re Washington, 483 B.R. 871, 877 (Bankr. E.D. Wis. 2012) (allowing a late-filed claim in a Chapter 13 case when the claimant had no notice of the case until after the claims bar date had passed).

---

[3] Rule 1019(3) applies to cases converted to Chapter 7; Rule 3003 applies to Chapter 9 and Chapter 11 cases; Rule 3004 applies to claims filed by the debtor or the trustee; and Rule 3005 applies to claims filed by an entity liable with the debtor, such as a guarantor or codebtor.

1st Franklin concedes its claim is untimely and that it received notice of the claims bar date. Nevertheless, it asks the Court to allow its claim on equitable grounds. It points out that timely filed unsecured claims in Debtors' case total approximately $1,200. It argues that even if its claim is added to the total, all claims can be paid in full based on Debtors' 60 month applicable commitment period and disposable income. Therefore, allowing 1st Franklin's claim will not prejudice any other creditors.[4] However, as explained above, 1st Franklin's proposed remedy directly conflicts with the Bankruptcy Code and the Bankruptcy Rules. Even the legislative history weighs against 1st Franklin as set forth in In re Jensen, 333 B.R. 906 (Bankr. M.D. Fla. 2005):

> Section 502([b])(9) was added to the Bankruptcy Code by the Bankruptcy Reform Act of 1994 (§ 213(a), Pub. L. 103-394) to address the issue of late filed claims. Prior to this amendment, untimely filing was not provided by the statute as an exception to the allowance of a claim. ... Courts were divided on the treatment of late filed claims in Chapter 13 cases. Some courts allowed late filed claims in Chapter 13 cases, since there was no statutory basis for disallowing such claims. See In re Hausladen, 146 B.R. 557 (Bankr. D. Minn. 1992). ...
>
> The Bankruptcy Reform Act of 1994 added § 502([b])(9) to provide untimely filing as a statutory basis for disallowance of a claim. "The amendment to section 502(b)(9) is designed to overrule In re Hausladen, 146 B.R. 557 (Bankr. D. Minn. 1992), and its progeny by disallowing claims that are not timely filed." (HR Rep 103-835, 103rd Cong., 2nd Sess. 48 (Oct. 4, 1994); 140 Cong. Rec. H10768 (Oct. 4, 1994), U.S. Code Cong. & Admin. News 1994, pp. 3340, 3357).

---

[4] The Court notes that since the hearing on the Trustee's objection to 1st Franklin's claim, Debtors have filed a motion to modify their confirmed plan. The motion alleges the husband stopped working due to medical issues and he is receiving short-term disability; as a result, Debtors' income has decreased. They propose to decrease their plan payment from $290 per week to $815 per month ($188.08 per week). Even if the modification does not affect the dividend to unsecured creditors, it demonstrates how the equities of a case can change over time.

333 B.R. at 908-09. The Court's equitable powers are limited to issuing orders "necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a). Allowing the claim in this case would contravene the Code and is, therefore, outside the Court's power. In re Stone, 473 B.R. 465, 467 (Bankr. M.D. Fla. 2012). Had Congress intended late filing claimants to participate in a Chapter 13 distribution, it could have crafted a Chapter 13 analog to § 726(a)(3), which in conjunction with § 502(b)(9), provides for allowance of late-filed claims in Chapter 7 and provides for distributions to such claims after payment of timely filed claims. See Jensen, 333 B.R. at 909 (quoting In re Barnes, No. 04-00426, 2004 WL 3135459, at *1 (Bankr. D.D.C. Dec. 10, 2004).

**Conclusion**

The Bankruptcy Code provides for disallowance of untimely claims in Chapter 13. Based on the filing requirements set forth in the Bankruptcy Rules, 1st Franklin's claim is untimely and is subject to disallowance. Furthermore, if 1st Franklin's claim is disallowed, there is no basis for paying it under the plan. Debtors' confirmed plan expressly provides for payment to general unsecured creditors "whose claims are duly proven and allowed[.]" The plan language is consistent with Bankruptcy Rule 3021, which states that "after a plan is confirmed, distribution shall be made to creditors whose claims have been allowed[.]"

For the forgoing reasons, the Court will sustain the Trustee's objection and disallow 1st Franklin's claim. An Order in accordance with this Opinion will be entered on this date.

END OF DOCUMENT